| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **NEXUS BANKRUPTCY**<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949-312-1377<br>Fax: 949-288-2054<br>*ben@nexusbk.com*<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtor* | |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**RICHARD LEROY MESTAS, and**<br><br>**NANCY LEE MESTAS,**<br><br>        Debtors.<br><br>                                    Debtor(s). | CASE NO: **6:26-bk-11524-RB**<br><br>CHAPTER: **13**<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)**<br><br>DATE: **March 26, 2026**<br>TIME: **11:00 AM**<br>COURTROOM:**303**<br>PLACE: **3420 Twelfth Street**<br>         **Riverside, CA 92501** |

**Movant: RICHARD LEROY MESTAS AND NANCY LEE MESTAS**

1. NOTICE IS HEREBY GIVEN to **OREGON TRAIL CORPORATION** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☐ **255 East Temple Street, Los Angeles, CA 90012**        ☐ **411 West Fourth Street, Santa Ana, CA 92701**
   ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**    ☐ **1415 State Street, Santa Barbara, CA 93101**
   ☒ **3420 Twelfth Street, Riverside, CA 92501**

---
This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                Page 1                **F 4001-1.IMPOSE.STAY.MOTION**

3.   a.   ☐   This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

    b.   ☒   This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served: ☒ at the hearing **OR** ☒ at least **0** days before the hearing.

        (1) ☒ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

        (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

        (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: **March 12, 2026**

**NEXUS BANKRUPTCY**
Printed name of law firm

**Benjamin Heston**
Printed name of individual Movant or attorney for Movant

**/s/Benjamin Heston**
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012          Page 2          **F 4001-1.IMPOSE.STAY.MOTION**

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** <u>RICHARD LEROY MESTAS AND NANCY LEE MESTAS</u>

1. **The Property or Debt at Issue:**

   a. ☒ Movant moves for an order imposing a stay with respect to the following property (Property):

      ☐ Vehicle *(describe year, manufacturer, type, and model)*:
      Vehicle Identification Number:
      Location of vehicle *(if known)*:

      ☐ Equipment *(describe manufacturer, type, and characteristics)*:
      Serial number(s):

      Location *(if known)*:

      ☐ Other Personal Property *(describe type, identifying information, and location)*:

      ☒ Real Property
      Street Address: **1104 Ribbonwood Court**
      Apt./Suite No.:
      City, State, Zip Code: **Hemet, CA 92545**

      Legal description or document recording number(include county of recording):

      ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) **Oregon Trail Corporation** (PO Box 2673, Seal Beach, CA 90740) to secure the sum of approximately **$80,543** now owed. (Secured Creditor/Lessor). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the <u>Secured Creditors/Lessors</u> as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** as to <u>all creditors</u>.

   d. ☒ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the <u>Secured Creditor/Lessor</u>, and/or

   e. ☒ Movant moves for an order **continuing the automatic stay** as to <u>all creditors</u>.

2. **Case History:**

   a. ☒ A voluntary    ☐ An involuntary petition concerning an individual[s] under chapter   ☐ 7   ☐ 11   ☐ 12
      ☒ 13 was filed concerning the present case on *(specify date)*: **March 3, 2026**

   b. ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on *(specify date)*:

   c. ☐ Plan was confirmed on *(specify date)*:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　Page 3　　　**F 4001-1.IMPOSE.STAY.MOTION**

    d.    ☒ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

        1.    Case name: **In re Richard Leroy Mestas and Nancy Lee Mestas**
            Case number: **6:26-bk-11524-RB**    Chapter: **13**
            Date Filed: **October 7, 2025**    Date dismissed: **January 12, 2026**
            Relief from stay re this Property    ☐ was    ☒ was not granted
            Reason for dismissal:

            **Dismissed at confirmation for failure to prosecute.**

        2.    Case name:
            Case number:    Chapter:
            Date Filed:    Date dismissed:
            Relief from stay re this Property    ☐ was    ☐ was not granted
            Reason for dismissal:

        ☐ See attached continuation page

    e.    ☐ As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2).  If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

    f.    ☒ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was **April 22, 2026** and the court ☐ has ☐ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2).  The extended date *(if applicable)* is __.

    g.    ☐ In a previous case(s), as of the date of dismissal there was:
        ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
        ☐ such action had been resolved by an order terminating, conditioning, or limiting the stay as to such creditor.

3.    The equity in the property is calculated as follows:

    a)    
| | | |
|---|---|---:|
| 1. | Property description/value: **1104 Ribbonwood Court, Hemet, CA 92545** | **$260,000** |
| 2. | Creditor/Lien amount: **Oregon Trail Corporation** | **$80,543** |
| 3. | Total Liens | **$80,543** |
| 4. | Debtor's Homestead Exemption | **$475,000** |
| 5. | Equity in the Property | **$179,457** |

    b)    
| | | |
|---|---|---:|
| 1. | Propery description/value: __ | $__ |
| 2. | Creditor/Lien amount: __ | $__ |
| 3. | Creditor/Lien amount: __ | $__ |
| 4. | Creditor/Lien amount: __ | $__ |
| 5. | Creditor/Lien amount: | $__ |
| 6. | Total Liens | $__ |
| 7. | Debtor's Homestead Exemption | $__ |
| 8. | Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) | $__ |

    ☐ See attached continuation page

4. **Grounds for Continuing the Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

      1. ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

         A. ☒ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

         B. ☒ Good faith is shown because:

            **The prior case was dismissed due to temporary health issues affecting both Debtors that prevented them from attending the §341 meeting of creditors. The Debtors notified counsel, and counsel obtained a continuance from the Chapter 13 Trustee. When the Debtors remained unable to attend due to ongoing health issues and plan payments were accruing, they elected to allow the case to be dismissed. In this case, the Debtors intend to sell their residence within approximately six months to resolve the secured debt and mortgage arrears.**

            *See attached Declaration of Richard Mestas.*

            ☐ See attached continuation page

      2. ☒ The Property is of consequential value or benefit to the estate because:

         A. ☒ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);*.

         B. ☒ The Property is necessary to a reorganization for the following reasons:

            **The Property is Debtor's residence and is inherently necessary for reorganization. In re Elmore, (BC CD CA 1988) 94 BR 670, 677.**

            ☐ See attached continuation page

         C. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:)

            **The Property has a substantial equity cushion. In re Mellor, (9th Cir. 1984) 734 F2d 1396, 1400; Matter of Plaza Family Partnership, (ED CA 1989) 95 BR 166, 171; In re Helionetics, Inc. (BCCD CA 1987) 70 BR 433, 440; In re Southerton Corp. (MD PA 1982) 46 BR 391, 399.**

            ☐ See attached continuation page

      3. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

         A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

         B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

         C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:

            ☐ See attached continuation page

         D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                         Page 5                              **F 4001-1.IMPOSE.STAY.MOTION**

      ☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

      ☐ See attached continuation page

F. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

**Since dismissal of the prior case, the Debtors' situation has stabilized and they are able to proceed with their bankruptcy. They intend to sell their residence within approximately six months, which will allow the mortgage to be paid off within a relatively short period.**

*See attached Declaration of Richard Mestas.*

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

      ☐ See attached continuation page

G. ☐ For the following additional reasons:

      ☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because

      ☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

a. ☐ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

  1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

  2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: __.

      ☐ See attached continuation page

  3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*: __

      ☐ See attached continuation page

b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

  1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

  2. ☐ Good faith is shown because __

      ☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 6                    **F 4001-1.IMPOSE.STAY.MOTION**

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: __
   ☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __
   ☐ See attached continuation page

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __
   ☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

   (from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

   ☐ See attached continuation page

6. ☐ For the following additional reasons __
   ☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __
   ☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

   b. ☒ Other Declaration(s) are also attached in support of this Motion

   c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __.

   d. ☐ Other evidence *(specify)*: __

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*         Page 7         **F 4001-1.IMPOSE.STAY.MOTION**

debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: March 12, 2026        Respectfully submitted,

**Richard Mestas**
Movant Name
**Nexus Bankruptcy**
Firm Name of attorney for Movant (if applicable)

**/s/Benjamin Heston**
Signature
**Benjamin Heston**
Printed Name of Individual Movant or Attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 8    **F 4001-1.IMPOSE.STAY.MOTION**

**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
**3090 Bristol Street #400**
**Costa Mesa, CA 92626**
**Tel: 949.312.1377**
**Fax: 949.288.2054**
**ben@nexusbk.com**

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:26-bk-11524-RB |
| RICHARD LEROY MESTAS, and | Chapter 13 |
| NANCY LEE MESTAS, | DECLARATION OF RICHARD MESTAS IN SUPPORT OF MOTION TO CONTINUE STAY |
| Debtors. | |

I, Richard Mestas, declare as follows:

1. I am one of the Debtors in the above-captioned Chapter 13 bankruptcy case. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. My wife, Nancy, and I filed a previous Chapter 13 bankruptcy case last year. When we filed that case, our goal was to save our home from foreclosure by catching up on our missed mortgage payments through the Chapter 13 Plan.

3. Almost immediately after we filed, our lives were completely derailed by severe medical emergencies. I suffered a stroke, which severely impacted my mobility, required numerous doctor appointments, and left me struggling to recover. Around the same time, my wife Nancy was also dealing with severe medical issues which have kept her in and out of the hospital. She was eventually transferred to an inpatient rehabilitation facility to recover.

4. Despite these overwhelming medical emergencies, we did our best to stay on top of our bankruptcy case and remain in communication with our counsel. Prior to our initially scheduled 341(a) meeting of creditors, we informed our attorney of our health issues. Our counsel reached out to the Chapter 13 Trustee, who graciously continued the meeting.

5. Unfortunately, as the continued date approached, we were still dealing with our health crises and were physically unable to attend. Furthermore, because of our hospitalizations, our monthly Chapter 13 plan payments were quickly racking up. Ultimately, we had to let the case go so that we could explore our non-bankruptcy options and re-file with a "fresh" case if necessary.

6. Although we are still dealing with health issues, we are ready to move forward with our Chapter 13 case. However, this ordeal forced us to face reality that trying to make a high plan payment for the next five years would likely impose further hardship. As such, we have decided to change our approach completely. Instead of trying to cure the arrears through a repayment plan, we have decided to sell the property.

7. We had recently negotiated a quick sale with an interested party to stop the foreclosure. However, we decided not to follow through with it at the very last minute when we realized that the offer was a steep discount and that we could get considerably more if we had the opportunity to properly market the home on the open market.

8. By taking the time to adequately market the home, we can maximize the equity, ensure our secured lender is paid in full, and secure our own financial future as we transition to a more affordable living situation.

9. We filed this new case in good faith with a clear plan for success without losing our home to foreclosure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: March 12, 2026

*/s/ Richard Mestas*
RICHARD MESTAS

2
DECLARATION OF RICHARD MESTAS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 12, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Amitkumar Sharma    amit.sharma@aisinfo.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **March 12, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Oregon Trail Corporation
PO Box 2673
Seal Beach, CA 90740

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 7, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 12, 2026 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 9    **F 4001-1.IMPOSE.STAY.MOTION**