**WRIGHT, FINLAY & ZAK, LLP**
ARNOLD L. GRAFF, ESQ. SBN 269170
*agraff@wrightlegal.net*
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050
Facsimile: (949) 608-9142
WFZ No.: 252-20262983

Attorney for Secured Creditor, Oregon Trail Corporation

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>RICHARD LEROY MESTAS AND NANCY LEE MESTAS,<br><br>   Debtors. | Case No. 6:26-bk-11524-RB<br>Chapter: 13<br><br>**SECURED CREDITOR'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**<br><br>**CONFIRMATION HEARING:**<br>Date: May 21, 2026<br>Time: 2:00 pm<br>Crtrm: 303<br>Place: United States Bankruptcy Court<br>  3420 Twelfth Street<br>  Riverside, CA 92501 |

 **TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTORS, THE CHAPTER 13 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES:**

 Secured Creditor, OREGON TRAIL CORPORATION ("Creditor") is the holder of a secured claim against certain real property in which debtors, RICHARD LEROY MESTAS and NANCY LESS MESTAS ("Debtors"), claim an interest. Creditor hereby objects to confirmation of Debtors' proposed Chapter 13 Plan (the "Plan"), filed herein as ECF # 14 as follows:

## I.      STATEMENT OF FACTS

**A.      Loan Documents**

On or about April 14, 2023, Nancy Lee Mestas, Successor Trustee of the Agnes Smith Revocable Living Trust (the "Borrower" or the "Trust") obtained a loan in the original amount of $60,000.00 (the "Note") from Creditor, and secured repayment of the subject loan via a Deed of Trust, Security Agreement with Assignment of Rents (the "Deed of Trust"), recorded against the real property located at **1104 RIBBONWOOD COURT, HEMET, CA 92545** (the "Property") on April 18, 2023, as Instrument No 2023-0110346 in the Riverside County Recorder's Office.  The Note requires monthly interest-only payments of $600.00 each (12.00% interest), commencing on June 1, 2023 and continuing monthly until a final lump sum payment becomes due on May 1, 2024.  True and correct copies of the Note and Deed of Trust are attached hereto as **Exhibit 1** and **Exhibit 2**.

The Borrower subsequently defaulted on the terms of the Loan, which fully matured years ago, causing Movant to commence foreclosure proceedings with respect to the Property.

**B.      Bankruptcy**

*a)      First Bankruptcy (Case # 6:25-bk-17221-RB)*

On or about October 7, 2025, Debtors, one of which being the trustee of Borrower Trust, filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court or the Central District of California, Los Angeles Division, as Case No. 6:25-bk-17221-RB (the "First Bankruptcy"), which was dismissed on January 12, 2026, for Debtors' failure to comply with a court order. A true and correct copy of the order dismissing the First Bankruptcy is attached hereto as **Exhibit 3**.

/./.

/./.

2

Objection to Confirmation
Case No.: 6:26-bk-11524-RB

b)      _Second Bankruptcy (Case # 6:25-bk-11524-RB)_

On or about March 3, 2026, _before the rescheduled trustee's sale_, Debtors filed this second consecutive and instant voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court or the Central District of California, Los Angeles Division, as Case No. 6:25-bk-11524-RB (the "Instant Bankruptcy").  Debtors never got the automatic stay extended by day 30 of the Instant Bankruptcy. [_See_ ECF #1, and Generally].

Debtors' Voluntary Petition and Schedules A/B and D eventually filed in the Instant Bankruptcy, reflect that: (1) Debtors use the Property as their residence; (2) the fair market value of the Property is allegedly $260,000.00 and (3) the Property is encumbered by Creditor's first position deed of trust in the estimated sum of approximately $80,543.00, and a Riverside County Tax lien of roughly $4,000.[1] [_See_ ECF # 11' pgs. 1-11; 15-16].

Debtors' Schedules I and J reflect a monthly disposable income of $2,194.00, which apparently does not account for Creditor's ongoing required monthly mortgage payment [_See_ ECF # 11 – pgs. 33-38]. Specifically, Debtors' Schedule I alleges that Debtor Richard Mestas is employed as a Caregiver with In-Home Supportive Services and earns monthly take-home income of $1,589.50 from said employment.[2]  Debtors' Schedule I also indicates that Debtor Richard Mestas earns an additional $2,182.00 per month in social security income, while Co-Debtor Nancy Mestas receives social security income of $1,367.00 per month [_id_].

On March 17, 2026, Debtors filed the subject plan at issue, which provides for monthly plan payments of $100.00 each to the Chapter 13 Trustee for 5 months (for a total plan payoff of $500.00) (the "Plan") [_See_ ECF # 14].  The Plan also lists Creditor's claim as a Class 3C

---

[1] Creditor reasonably believes there could also be an HOA lien of an unknown amount based on Debtors' filed scheduled in the First Bankruptcy.

[2] Both the gross and take-home pay for Richard Mestas is listed at $1,800.00, so it is unclear what the actual figure is correct  This is also over $210.00 higher than the monthly pay listed in the First Bankruptcy [_See_ ECF # 11 – pgs. 33-34].

3

Objection to Confirmation
Case No.: 6:26-bk-11524-RB

claim, in the estimated sum of $80,000.00, which is to be paid in full through the Plan, at 0.00% interest per annum [*id*].

Creditor is in the process of finalizing its proof of claim in this matter, but estimates its total matured debt when the Instant Bankruptcy commenced, to be approximately $88,694.29.

## II.      ARGUMENT

## A.      Debtors' Chapter 13 Plan Cannot Be Confirmed As Proposed

The provisions of 11 United States Code ("U.S.C.") § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren),* 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988).  For the reasons detailed herein, Debtors fail to meet this burden.

*a)      Debtors' Chapter 13 Plan Cannot Be Confirmed Because It fails to provide for interest on Creditor's Claim Sufficient to Provide Present Value on the Claim.*

To the extent that an allowed claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided for under the agreement of State statute under which such claim arose." Creditor's claim matured way back on March 1, 2024, so to properly address this claim, Creditor's fully matured claim must be paid in full through the plan, with interest thereon to provide the "present value" on the claim.

The determination of the appropriate interest rate is commonly based on the concept of providing "present value" to the secured claimant. Present value is also deemed to be the equivalent of "market rate" of interest. *In re Collier, 416 B.R. 713, 715* (N.D. Cal 2008). Creditor submits that the interest rate should be consistent with a "market rate" of interest which would

be available to similarly situated borrowers in the loan market seeking a similar loan under the same terms and conditions.

In this case, the underlying loan was made to the Borrower Trust as a short-term business purpose loan with contractual interest at 12.00%, and the loan has also been accruing default interest under the terms of the loan documents for years ever since the subject loan matured in 2024. [See **Exhibits 1-2**].  The Borrower Trust admittedly materially defaulted on the subject loan years ago.  The Plan also understates Creditor's actual secured claim by over $8,000.00.  As such, Creditor because Debtor is not proposing to make any plan payments to Creditor unless and until the Property is sold, the full default rate should be paid on Creditor's total secured claim, plus all post-petition fees, costs and advances should be paid, pursuant to an updated and unexpired total payoff demand, if and when said sale closes.  Thus, the current Plan's proposal of 0.0% interest must be denied as proposed.

b)      *Debtors' Chapter 13 Plan does not clearly satisfy the feasibility requirement*

Creditor also objects to Debtors' Plan as it fails to satisfy the feasibility requirement of 11 U.S.C. § 1325(a)(6).  One of the requirements for confirmation of a Chapter 13 plan, referred to as the "feasibility requirement", is proof that the debtors will be "able to make all the payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

Here, a review of the record herein confirms that Debtors have not satisfied his burden under § 1325(a)(6). Debtors' Schedules I and J reflect a monthly disposable income of $2.194.00. However, the Plan proposes just 5 payments of $100 each before there is a lumpsum payment of $102,000.00 in month 6.  As such, because the Plan completely relies upon the sale of the Property, Debtors clearly have not met their evidentiary burden regarding feasibility, and the Plan cannot be confirmed as currently proposed.  The sale would need to close, and the claims paid in full, before any feasible plan could be proposed. [*See* ECF #s 1, 14 & **Exhibits 1-2**].

  c)  *Debtors' Chapter 13 Plan does not clearly provide for post-petition Attorney's Fees and Costs*

As stated above, the Plan seemingly proposes to pay the total estimated amount owed on Creditor's loan over the life of the Plan (without interest) [*See* ECF # 14].  However, the Plan is silent regarding any attorney's fees and costs which will inevitably be incurred by Creditor post-petition because of Debtors' filing of the Bankruptcy.

Under 11 U.S.C. § 506(b), a creditor with an allowed secured claim that is secured by property the value of which is greater than the amount of such claim, then that claim, *"shall be allowed… interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement, or State statute under which such claim arose."*

Here, there is no dispute that Creditor's claim is fully secured by equity, as is confirmed in Debtors' schedules. However, while Debtors are proposing to pay interest on Creditor's claim through the Plan, Creditor is also entitled to recover its reasonable post-petition attorneys' fees under the terms of the loan documents [*See* ECF # 1 & **Exhibits 1-2**].  However, the Plan is silent regarding the payment of any post-petition fees and costs [*See* ECF # 14]. Because the proposed Plan is a pay-all plan, rather than a cure and maintain plan, it is also unclear if any post-petition fee notices can and should be filed throughout the Bankruptcy, pursuant to FRBP 3002.1.[3]  And if such notices are so required, it is unknown how and when these additional fees and costs would be paid, likely causing confusion and complications at the end of the Bankruptcy, which could jeopardize Debtors' desired discharge. As such, Creditor reasonably believes that unless and until Creditor's post-petition fees and costs at the

---

[3]Bankruptcy Rule 3002.1(c) provides that that fully secured creditors holding a lien on a debtors' residence may seek reimbursement of their post-petition fees, expenses, and charges if they receive contractual installment payments in a chapter 13 plan.  However, it is not clear what is meant by "contractual installment payment." See FRBP 3002.1(c) & and FRBP 3002.1, Generally.

6

Objection to Confirmation
Case No.: 6:26-bk-11524-RB

time of confirmation, are included to be paid through the plan, or additional verbiage is included in an amended plan or to the confirmation order otherwise addressing and clarifying these issues and concerns, the Plan violates 11 U.S.C. § 506(b) and should be denied confirmation.

### III.    CONCLUSION

Any Chapter 13 Plan proposed by Debtors must resolve the issues specified above to be reasonable and comply with the applicable provisions of the Bankruptcy Code. As such, Creditor respectfully requests that confirmation of the Plan as proposed by Debtors be denied.

**WRIGHT, FINLAY & ZAK, LLP**

Dated: May 6, 2026                    By:/s/ *Arnold L. Graff, Esq.*
                                       Arnold L. Graff, Esq.
                                       Attorney for Secured Creditor,
                                       OREGON TRAIL CORPORATION

7

# PROMISSORY NOTE SECURED BY DEED OF TRUST
## (This Note contains an Acceleration Clause)

April 14, 2023
Los Alamitos, CA

Loan Number:

$ 60,000.00

In installments as herein stated, for value received, the undersigned, promise(s) to pay to:

OREGON TRAIL CORPORATION

or order, at a place that may be designated by the Beneficiary, the sum of:

SIXTY THOUSAND AND 00/100

with interest from the above date of funding on the unpaid principal at the rate of **12.00%** percent per annum, payable in **12** monthly installments of **$600.00** beginning on **June 1, 2023** and continuing monthly thereafter until maturity **May 1, 2024** at which time all sums of principal and interest then remaining unpaid shall be due and payable in full. Interest shall be calculated on a 360-day year and on an ordinary annuity calculation basis. Each payment shall be credited first on interest then due and the remainder on principal; and interest shall thereupon cease upon the principal so credited.

Upon default in any payment of any installment, then the balance of this obligation shall become due immediately at the option of the Holder hereof. Principal and interest payable in lawful money of the United States of America. Except where federal law is applicable, this Note shall be construed and enforceable according to the laws of the State of California for all purposes. Time is of the essence for each and every obligation under this Note.

### THE FOLLOWING PROVISIONS MAY RESULT IN THE
### COMPOUNDING OF INTEREST ON YOUR LOAN

**At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining Shall be added to principal and will bear Interest at the Note rate as the principal.**

**At the option of the Beneficiary, if any principal *and/or* interest installments, late charges, advances and/or costs should be repaid Through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear interest at the Note rate from the date due or advanced until the date repaid.**

If this Note is not paid when due I promise to pay, in addition to the principal and interest due under this Note, all costs of collection and any actual attorney's fees incurred by the Beneficiary thereof on account of such collection, whether or not suit is filed hereon. Each Borrower consents to renewals, replacements, and extensions of time for payment hereof before at, or after maturity; consents to the acceptance of security for this Note and waives demand, protest and any applicable statute of limitations.

This Note is secured by, among other things, that certain real property and improvements as more particularly described in that certain California Standard Form of Real Estate Mortgage, by and between the undersigned and the holder of this Note and dated substantially the same as the date hereof. This Note is personally guaranteed by Nancy Lee Mestas, Successor Trustee of The Agnes Smith Revocable Living Trust. pursuant to the Personal Guaranty Rider attached to this Note.

In the event the undersigned fails to pay the final payment when due or defaults on any installment due the holder of this Note, then the interest rate on this loan shall be increased by ten percent (ten percent per annum) above the rate in effect at the time of occurrence of such default.

*Initial:* N̸ ℒM _____

Exhibit "1"                                        Page 1 of 4

# PROMISSORY NOTE SECURED BY DEED OF TRUST
## (This Note contains an Acceleration Clause)

The Parties hereto agree that it would be impractical or extremely difficult to estimate the actual damage to the holder of this Note in the event the undersigned fails to make any payment due under this Note within 10 days after its due date, and so the undersigned agrees to pay a late charge on each installment of **$60.00** or  10 % of the delinquent payment, whichever is larger. All late charges are to be paid immediately on demand.

In addition, if any balloon payment is delinquent more than 10 days, the Borrower to this Note agrees to pay a late charge equivalent to the maximum late charge which could be assessed on the largest single regular installment due under this note. This late charge on the balloon payment is to continue to be assessed for each subsequent period of time equal to the regular installment period under this note until the balloon payment and all other fees, interest and charges due under this note are paid in full.

Notwithstanding anything herein to the contrary, if at any time the interest rate charged pursuant to this Note, together with all fees, charges and other amounts which are treated as interest under applicable law (collectively the "Charges"), shall exceed the maximum lawful rate (the "Maximum Rate") which may be contracted for, charged, taken, received or reserved by the holder of this Note in accordance with applicable law, the rate of interest payable under this Note, together with all Charges payable in respect thereof, shall be limited to the Maximum Rate.

Borrower and Beneficiary agree that it would be difficult to determine the actual damages to the Beneficiary or Beneficiaries Agent for the return of an unpaid check provided by Borrower. It is hereby agreed that Borrower will pay the sum equal to 10.000 % of the amount returned or $ 25.00, whichever is greater. However, in any event the maximum charge for an unpaid check is not to exceed the sum of **$25.00** This amount is in lieu of any statutory monetary penalty, if any, however, Beneficiary does not waive any other rights that may be authorized under any statute.

The holder of this Note shall have the right to sell, assign, or otherwise transfer, either in part or in its entirety, this Note, the Deed of Trust, and other instrument evidencing or securing the indebtedness of this Note to one or more investors without Borrower's consent.

The principal and accrued interest on this loan may be prepaid in whole or in part at any time but a prepayment made within Four years   0   months of the date of execution shall be subject to the following prepayment charge, whether such prepayment is voluntary, involuntary or results from default in any term of this Note or the Deed of Trust by which it is secured:

NO PRE-PAYMENT PENALTY

This Note and all of the covenants, promises and agreements contained in it shall be binding on and inure to the benefit of the respective legal and personal representatives, devisees, heirs, successors, and assigns of the Borrower and the Beneficiary. This Note is secured by a Deed of Trust of even date herewith which contains the following provision:

> **In the event of sale or transfer, conveyance or alienation of said real property, or any part thereof, or any Interest therein, whether voluntary or involuntary, Beneficiary shall have the right of acceleration, at its option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transactions.**

Initial: _N Lu Més_____

# PROMISSORY NOTE SECURED BY DEED OF TRUST
## (This Note contains an Acceleration Clause)

LOAN #

PROPERTY: 1104 Ribbonwood Ct, Hemet, CA 92545

Additional Provisions (if any):

*Nancy Lee Mestas*

_____
NANCY LEE MESTAS, SUCCESSOR TRUSTEE OF
THE AGNES SMITH REVOCABLE LIVING TRUST

4. 15-23
_____
DATE

DO NOT DESTROY THIS NOTE: When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation, before reconveyance will be made.

Exhibit "1"                                                    Page 3 of 4

OREGON TRAIL CORPORATION
P. O. BOX 2673
Seal Beach, CA 90740
(562) 430-9955
(562) 430-9945 Fax

**Personal Guarantee to Deed of Trust and Note**

As an inducement to Oregon Trail Corporation to loan money to Nancy Lee Mestas, Successor Trustee of The Agnes Smith Revocable Living Trust ("Maker") pursuant to the Promissory Note of even date herewith, the undersigned persons ("Guarantors") hereby unconditionally guarantee due to performance under the above Promissory Note, including payment of all future obligations of Nancy Lee Mestas, Successor Trustee of The Agnes Smith Revocable Living Trust. This Guarantee shall be constructed as an absolute, continuing, and unlimited guarantee of payment without regard to the regularity, validity, or enforceability of any liability or obligation of the Maker hereby guaranteed, and the Payee shall not be required to proceed first against the Maker or any other person, firm, or corporation or against any collateral security held by Maker before resorting to the Guarantor for payment.

The obligations under this Guarantee shall not be affected or waived by any failure of Payee to give notice or demand or by any time extensions, release or substitution of collateral, or other indulgences granted Maker by Payee. The undersigned persons jointly and severally guarantee the payments on the above Promissory Note. In the event suit is brought by any party under this Personal Guarantee to enforce any of its terms, it is agreed that the suit shall be subject to the jurisdiction of Riverside County Superior Court and that the prevailing party shall be entitled to reasonable attorney's fees in said suit, or in any appeal therefrom, to be fixed by the Court.

Dated this __15__ day of April, 2023.

Maker

_____

NANCY LEE MESTAS, SUCCESSOR TRUSTEE OF
THE AGNESSMITH REVOCABLE LIVING TRUST

Guarantor

_____

NANCY LEE MESTAS, SUCCESSOR TRUSTEE OF
THE AGNES SMITH REVOCABLE LIVING TRUST

Page 4 of 4

Exhibit "1"                                    Page 4 of 4

DOC #2023-0130366 04/18/2023 05:00 PM Fees: $128.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ELENA #448

Recording Requested By:

When Recorded Mail To:

**Oregon Trail Corporation**
**P.O. Box 2673**
**Seal Beach, CA 90740**

Loan No.:

APN: 464-031-004

Order No.:                                          (This space for Recorder's use only)

---

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (This Deed of Trust contains an Acceleration Clause)

This DEED OF TRUST made APRIL 14, 2023

between: NANCY LEE MESTAS, SUCCESSOR TRUSTEE OF THE AGNES SMITH REVOCABLE LIVING TRUST herein called TRUSTOR

whose mailing address is: 1104 RIBBONWOOD COURT, HEMET, CA 92545

CHICAGO TITLE COMPANY herein called TRUSTEE

and OREGON TRAIL CORPORATION, herein called BENEFICIARY;

WITNESSETH: The Trustor irrevocably GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE in trust, with POWER

OF SALE, that property in the State of California, in the City of Hemet, County of Riverside

Described as:

**SEE EXHIBIT 'A' ATTACHED** for full legal

Together with the rents, issues and profits thereof, together with all rights and interest of Trustor, to all appurtenances, easements, community interests and licenses, and to oil, mineral, gas, water, water certificates, and hydrocarbon rights, leases, and overriding royalties therein, and all of these, whether appurtenant, riparian or appropriative. SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 11 of the provisions incorporated by reference herein, to collect and apply such rents, issues and profits.

Maximum $225.00 fee per transaction
reached - GC 27388.1 (a)(1)

Exhibit "2"                                          Page 1 of 6

FOR THE PURPOSE OF SECURING:

(1)    Performance of each agreement of Trustor incorporated by reference or contained herein;

(2)    Payment of the indebtedness evidenced by one promissory note of even date herewith any amounts that may
become due there under, and all extensions, modifications, or renewals thereof, in the principal sum of
**$60,000.00** executed by Trustor and payable to Beneficiary or order;

(3)    Payment of all sums of money, with interest thereon, which may be paid out or advanced by or may otherwise
be due to Trustee or Beneficiary under any provision of this Deed of Trust.

In the event of sale or transfer, conveyance or alienation of said real property, or any part thereof, or any interest therein, whether voluntary or involuntary, Beneficiary shall have the right of acceleration, at its option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transactions.

To Protect the security of this Deed of Trust, and with respect to the property described above, Trustor expressly makes each of all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth as follows:

1.    To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to keep all buildings, structures and other improvements now or hereafter situated on the above described property at all times entirely free of rot, fungus, rust, decay, termites, beetles, and any other destructive insects or elements; to pay when due all claims for labor performed and materials furnished thereto; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general. Either Beneficiary or Trustee, or both, at any time during the continuation of this Deed of Trust, may enter upon and inspect said property, provided such entry is reasonable as to time and manner.

2.    To provide, maintain and deliver to Beneficiary fire insurance satisfactory and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustee-. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

3.    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, or in any action proceeding instituted by Beneficiary or Trustee to protect or enforce the security of this Deed of Trust or the obligations secured hereby.

4.    To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior *or* superior hereto; all costs, fees and expenses of this Trust.

5.    Should Trustor fail to make any payments or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

6.    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the

Exhibit "2"                                    Page 2 of 6

rate prescribed in the Note. Should any additional funds be advanced on any note secured by a trust deed now of record, or should any change be made in the time or manner of paying such note, or should any other action be taken by the undersigned with respect to such note whereby the security herein provided for shall be impaired in any manner whatsoever, then the Note secured hereby shall, at the option of the lender, immediately become due and payable.

7.  Any award of damages or sums received in settlement in connection with any condemnation for public use of or any injury to said property or any part thereof from any cause, is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

8.  By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

Notwithstanding any provision herein or in the Note secured hereby to the contrary, Beneficiary or Trustee shall haw the absolute right to direct the manner, order and amount in which payments shall be applied upon or allocated among the various items composing Trustor's indebtedness secured hereby.

In the event of default in the payment of any of the moneys to be paid under the terms of the Note(s) secured hereby or in the performance of any of the covenants and obligations of this Deed of Trust, then any funds in the possession of the Beneficiary, or other credits to which the Trustor would otherwise be entitled may, at the option of the Beneficiary, be applied to the payment of any' obligation secured hereby in such order as the Beneficiary may, in its sole discretion determine.

9.  At any time or from time to time, without liability therefore and without notice upon written request of Beneficiary arid presentation of this Deed of said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee.

10.  Upon written request of Beneficiary stating that all sums secured hereby haw been paid, and upon surrender of this Deed and said Note to trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". The Trustee may destroy said Note, this Deed of Trust (and any other documents related thereto) upon the first to occur of the following 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

11.  As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, from time to time, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time and from time to time without notice, either in person or by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, an in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

12.  Upon default by trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Beneficiary also shall deposit with trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by It in said Notice of Sale, either as a whole a' in separate parcels and in such order as it may determine (but subject to said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States,

Page 3 of 6

payable at time 'of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby, and the remainder, if any, to the person or persons legally entitled thereto.

13. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine and/or neuter, and the singular number includes the plural. As used herein, "fixtures includes but is not limited to carpeting, built-in appliances, draperies and drapery rods, shrubs, water tanks, plumbing, machinery, air conditioners, ducts, and the like.

14. Trustee accepts this Trust When this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party under any other deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

15. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper   substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

    If Notice of default shall have been recorded, this power of substitution cannot be exercised until after the costs, fees and expenses of the then acting Trustee shall have been paid to such Trustee, who shall endorse receipt thereof upon such instrument of substitution. The procedure herein provided for substitution of Trustees shall not be exclusive of other provisions for substitution provided by law.

16. Trustor agrees to pay Beneficiary the maximum legal charge for a statement regarding the Trust Deed obligation herein.

17. Acceptance by Beneficiary of a partial payment on account, after Notice of Default has been recorded, shall not be construed as curing the Default Nor as a waiver of past or future delinquencies of Trust Deed payment.

18. If the security under this Deed of Trust is a condominium or a community apartment or planned development project, Trustor agrees to perform each and every obligation of the owner of such condominium or interest in such project under the declaration of covenants, conditions and restrictions or by laws or regulations pertaining to such condominium or project. Upon the request of Beneficiary, Trustor agrees to enforce against other owners in such condominium or project each and every obligation to be performed by them, if the same have not been performed or if valid legal steps have not been taken to enforce such performance within ninety (90) days after such request is made.

19. If the security for this Deed of Trust is a leasehold estate, Trustor agrees not to amend, change or modify his leasehold interest, or any of the terms thereof, or agree to do so, without the written consent of Beneficiary being first obtained. In the event of a violation of this provision, Beneficiary shall have the right, at its option, to declare all sums secured hereby immediately due and payable.

20. THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN: At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining shall be added to principal and will bear interest at the Note rate as the principal.

    At the option of the Beneficiary, if any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by Any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear Interest at the Note rate from the date due or advanced until repaid.

21. [X] MULTIPLE LENDER LOANS: Pursuant to Civil Code Section 2941.9, this deed of trust is subject to a signed agreement between all of the beneficiaries to be governed by the beneficiaries holding more than 50% of the record beneficial interest.

Exhibit "2"

The undersigned Trustor(s), requests that a copy of any Notice of Default and any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Signature of Trustor                                                  Signature of Trustor

*Nancy Mestas* (signature)
_____                          _____
NANCY LEE MESTAS, SUCCESSOR TRUSTEE OF
THE AGNES SMITH REVOCABLE LIVING TRUST

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California                                  }
County of RIVERSIDE                           } ss.
                                                           }
On 4|15|2023 before me, LAWNET M. BRAGGS _____, Notary Public, personally appeared:
_____ NANCY LEE MESTAS _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) IS/ARE subscribed to the within instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR authorized capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

(signature)
_____
Notary Public

LAWNET M. BRAGGS
Notary Public - California
Riverside County
Commission # 2331754
My Comm. Expires Aug 17, 2024

Page 5 of 6

Exhibit "2"                                                            Page 5 of 6

DOC #2023-0116346 Page 6 of 6

# EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HEMET (RIVERSIDE AREA), COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 4 OF TRACT 7468-1, IN THE CITY OF HEMET, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 86, PAGES 39 THROUGH 43, INCLUSIVE OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

ASSESSOR'S PARCEL NUMBER: 464-031-004

Exhibit "2"                                    Page 6 of 6

## United States Bankruptcy Court
### Central District of California

3420 Twelfth Street, Riverside, CA 92501–3819

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM CHAPTER 13 CONFIRMATION HEARING

**DEBTOR INFORMATION:**
Richard Leroy Mestas

**BANKRUPTCY NO.**  6:25–bk–17221–RB

**CHAPTER**  13

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):**  xxx–xx–3593
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 1/12/26

**JOINT DEBTOR INFORMATION:**
Nancy Lee Mestas

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–7556
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Joint Debtor Dismissal Date:**  1/12/26

**Address:**
1104 Ribbonwood Court
Hemet, CA 92545

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed; and

(2)  the court retain jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Automatic Stay is moot. All pending motions and adversary proceedings are vacated and dismissed.

BY THE COURT,

Dated: January 12, 2026

**Kathleen J. Campbell**
Clerk of Court

Form van150–od13a Rev. 06/2017

**28 / SH**

Exhibit "3"                    Page 1 of 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 4665 MacArthur Court, Suite 200, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): SECURED CREDITOR'S OBJECTION TO
 CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/06/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___05/07/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/06/2026 | JACKIE KLABACHA POWELL | /s/ Jackie Klabacha Powell |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

| In re (SHORT TITLE) RICHARD LEROY MESTAS and NANCY LEE MESTAS | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 6:26-bk-11524-RB |

**ADDITIONAL SERVICE INFORMATION** (if needed):

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Rod Danielson (TR)     notice-efile@rodan13.com
Benjamin Heston     bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Amitkumar Sharma     amit.sharma@aisinfo.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

SERVED BY UNITED STATES MAIL:

DEBTORS:
Richard Leroy Mestas
Nancy Lee Mestas
1104 Ribbonwood Court
Hemet, CA 92545

DEBTORS' COUNSEL:
Benjamin Heston
NEXUS BANKRUPTCY
3090 Bristol St., #400
Costa Mesa, CA 92626

CHAPTER 13 TRUSTEE:
Rod Danielson
3787 University Avenue
Riverside, CA 92501

U.S. TRUSTEE:
Office of the United States Trustee
3801 University Avenue, #720
Riverside, CA 92501-3200

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.