**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
**3090 Bristol Street #400**
**Costa Mesa, CA 92626**
**Tel: 949.312.1377**
**Fax: 949.288.2054**
*ben@nexusbk.com*

Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | **Case No: 6:26-bk-11524-RB** |
| RICHARD LEROY MESTAS, and | **Chapter 13** |
| NANCY LEE MESTAS, | **SUPPLEMENT TO DEBTORS' MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(p)** |
| Debtors. | |

Debtors, Richard Leroy Mestas and Nancy Lee Mestas, hereby submit this supplement to their Motion for Authority to Sell Real Property Under LBR 3015-1(p). Attached hereto are true and correct copies of the following documents which relate to the Motion:

- Escrow instructions and documents, attached as Exhibit B

- Estimated closing statement, attached as Exhibit C

**NEXUS BANKRUPTCY**

Date: May 29, 2026

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Debtors

# EXHIBIT B

SUPPLEMENT TO DEBTORS' MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(P)



9121 Haven Avenue, Suite 120
Rancho Cucamonga, CA 91730

Phone:  (909) 939-4410
Fax:  (909) 481-4385

**LUXURY ESCROW, INC. IS LICENSED BY THE CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION, LICENSE NUMBER 96DBO-60480**

**<u>SALE ESCROW INSTRUCTIONS</u>**

Jeannie Rouse                                                                               **Escrow No.:** 006370-JR
Escrow Manager                                                                        **Date:** May 14, 2026

Buyer has handed LUXURY ESCROW, INC.
    initial deposit in the amount of ............................................................. $2,000.00

**Total Consideration** .......................................................................... **$204,000.00**

I/We will deliver to you any instruments which this escrow requires, fully executed, all of which you are instructed to use provided that on or before **June 12, 2026** you hold a policy of title insurance issued by **Lawyers Title Company** with a liability of **$204,000.00** covering property:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

**SELLER STATES THAT THE PROPERTY ADDRESS IS:** 1104 Ribbonwood Court, Hemet, CA  92545

**TITLE POLICY TO SHOW TITLE VESTED IN:**  Carly Renee Toyne, a Widow

**FREE FROM ENCUMBRANCES EXCEPT:**

(1)    General and special Taxes  for the fiscal  year 2026-2027, including bonds, special assessments  and personal property taxes,  if any, assessed against former  owner, and/or supplemental  taxes assessed pursuant  to the provisions of Chapter 498, Statutes of 1983 of the State of California.  (Change of Ownership will affect the taxes to be paid.  A Supplemental Tax Bill will be issued and BUYER accepts all responsibility for all additional taxes due  because  of  said reassessment.   TAX BILLS ISSUED  AFTER  THE  CLOSE  OF ESCROW  SHALL BE HANDLED DIRECTLY BETWEEN BUYERS AND SELLERS.)

(2)    Covenants, conditions, restrictions, reservations, rights, rights of way, and easements, and any oil, gas, or mineral reservations now of record, if any.

**INSTRUCTIONS:**

A.    **REAL ESTATE PURCHASE CONTRACT AND JOINT INSTRUCTIONS:** These instructions are not intended to amend, modify or supersede that Real Estate Purchase Contract and Joint Instructions as executed by all parties and dated prior to these escrow instructions. Any omission from escrow instructions of any provision set forth in said Real Estate Purchase Contract and Joint Instructions shall  not constitute  a waiver of the provision  or the contractual right or obligation of any party.

B.    **CLOSING FUNDS:** Each party acknowledges  that the close  of escrow  is conditioned upon deposit  of cleared closing funds. Closing funds must in the form of a WIRE TRANSFER to Luxury Escrow, Inc. or the title company for this transaction and must be deposited at least two (2) business days prior to the recording of documents.

C.    **FINANCING:** Escrow holder shall not be concerned nor liable in connection with the Buyer's loan application, pre-

(CONTINUED)

Seller's Initials:  _____/_____                                                             Buyer's Initials:  _____/_____

Date:  May 14, 2026                                                                                     Escrow No.:  006370-JR

Page 2 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

qualification, or removal of loan contingency, and/or appraisal contingency and removal. Escrow holder is hereby authorized and instructed to comply with lender's requirements. The Buyer's execution of loan documents shall constitute their full approval of all terms and conditions therein contained.

D.     **MASTER/DUAL CLOSING STATEMENT:** Buyer and Seller are hereby made aware that Buyer's lender will require a copy of the Master/Dual estimated closing statement, disclosing both the buyer and seller sides during the process of the escrow, and a final Master/Dual Statement at the close of escrow. Escrow holder is hereby authorized to comply with lender requirements.

E.     **ZONE DISCLOSURES:** The Seller agrees to provide the Buyer with the mandatory zone disclosures prior to the close of escrow. Escrow holder is authorized to pay bill for same from Seller's proceeds. The escrow holder's sole responsibility shall be for the payment of the billing, and not securing signatures to the Natural Hazard Disclosure Statement.

F.     **COSTS:** Buyer and Seller shall each pay their own customary costs and charges relative to the close of this escrow.

G.     **DISCLOSURE:** Escrow holder has the authority to reduce or discount the seller, buyer or both at their discretion.

H.     **INSURANCE:** Prior to the close of escrow, Buyer shall obtain new fire/hazard insurance coverage acceptable to the lender. Escrow holder shall charge Buyer's account and pay the billing furnished for said insurance upon close of this escrow unless escrow holder is furnished with a paid receipt for same.

I.     **FIRPTA:** If requested, escrow holder is hereby authorized and instructed to provide a completed copy of the Seller's Form S1445 Certification, to the brokers/agents involved in this transaction, and is further released and held harmless in connection therewith.

J.     **CALIFORNIA REAL ESTATE WITHHOLDING:** Withholding is now required when individuals sell California real property, and the escrow closes on or after January 1, 2003. ALL SELLERS ON NON-PRINCIPAL RESIDENCES ARE REQUIRED TO COMPLY WITH THIS FRANCHISE TAX BOARD REQUIREMENT.

K.     **LICENSE DISCLOSURE: LUXURY ESCROW, INC. IS LICENSED BY THE CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION**, LICENSE NUMBER 96DBO-60480.

L.     **PRORATIONS:** Prorate as of Close of Escrow
       Real Property taxes based on latest tax bill or on amount furnished by title company.

*****************************************************

AS A MATTER OF MEMORANDUM ONLY, WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED NOR LIABLE. BUYER AND SELLER HEREBY AGREE AS FOLLOWS:

All terms and conditions of Buyer's possession shall be handled outside of this escrow, and escrow holder shall not

be concerned nor liable in connection therewith, including but not limited to execution of any addenda/addendum

regarding same.

Escrow holder shall not be concerned nor held liable in connection with smoke detector/carbon monoxide

installation, water heater bracing/strapping, statement of compliance, or minimum mandatory government retrofit

standards.

(CONTINUED)

Seller's Initials:  _____/_____                                                           Buyer's Initials:  _____/_____

Date:   May 14, 2026                                                                      Escrow No.:  006370-JR

Page 3 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

### GENERAL PROVISIONS AND ADDITIONAL INSTRUCTIONS

**1.  COMMENCEMENT OF ESCROW:**    Your duty to act as escrow holder for the benefit of the parties, does not commence until these instructions are signed by ALL parties and the initial good faith deposit has been received by you.   Until such time, either party may unilaterally cancel and, upon written request delivered to you, a party may withdraw funds and documents such party previously handed to you. ALL NOTICES, DEMANDS AND INSTRUCTIONS MUST BE IN WRITING. No notice, demand, instructions amendment, supplement of modification of these escrow instructions shall be of any effect in this escrow until delivered in writing to you and mutually executed by all parties.  You shall have no duties to anyone except those signing these instructions.

**2.  DUTIES AND LIMITATION OF DUTIES: Escrow** holder has only the responsibilities inherent of an escrow service provider.  Those duties are limited to the safekeeping of such money and documents received by escrow holder and for the disposition and/or disbursement of same in accordance with written instructions received by escrow holder in this escrow. Escrow holder shall not be liable for any damages, losses, costs, or expenses incurred by any party in the handling of this escrow transaction as a result of any act or failure to act made or omitted in good faith or for any action taken that escrow holder shall in good faith believe to be genuine.  NOTWITHSTANDING, ANY PROVISIONS TO THE CONTRARY CONTAINED IN THESE ESCROW INSTRUCTIONS OR SUPPLEMENTS OR AMENDMENTS, ESCROW SHALL NOT BE RESPONSIBLE FOR THE SUFFICIENCY, VALIDITY OR CORRECTNESS OF ANY SIGNATURE OF ANY PRINCIPAL TO THIS ESCROW OR ANY THIRD PARTY TO THIS ESCROW, NOT THE SUFFICIENCY OR CORRECTNESS AS TO FORM, MANNER OF EXECUTION OR VALIDITY OF ANY DOCUMENTS DEPOSITED IN THIS ESCROW, NOR AS TO THE IDENTITY, AUTHORITY, OR RIGHT OF ANY PERSONS EXECUTING SAME, EITHER, AS TO DOCUMENTS OF RECORD OR THOSE HANDLED IN THIS ESCROW.

**3.  PROMISE TO PAY AND INDEMNIFY:  The** parties hereby jointly and severally promise and agree to pay promptly on demand, as well as to indemnify escrow holder and hold escrow holder harmless from and against all litigation and interpleader costs, damages, judgments, attorney's fees, expenses, obligations and liability of every kind which in good faith, you may occur or suffer in connection with or arising out of this escrow transaction, whether said litigation, interpleader, obligation, liability or expense arises during the performance of this escrow transaction or subsequent thereto, directly or indirectly. The parties agree to pay escrow holder a reasonable fee for all time spent by officers or employees of escrow holder in connection with any dispute resolution action taken relative to this escrow transaction including but not limited to time spent researching, reviewing and/or testifying relative thereto.

**4.  ATTORNEY'S FEES:  IF ESCROW HOLDER IS REQUIRED TO RESPOND TO ANY LEGAL SUMMONS OR PROCEEDINGS OR IF ANY ACTION IN INTERPLEADER OR DECLARATORY RELIEF IS BROUGHT BY OR AGAINST ESCROW HOLDER, THE PARTIES JOINTLY AND SEVERALLY AGREE TO PAY ALL COSTS, EXPENSES AND REASONABLE ATTORNEY'S FEES EXPENDED OR INCURRED BY ESCROW HOLDER. IN THE EVENT ANY PARTY TO THIS ESCROW TRANSACTION, OR ESCROW HOLDER, INSTITUTES OR DEFENDS ANY LITIGATION ARISING OUT OF THE ESCROW TRANSACTION, AT LAW OR IN EQUITY, THE PREVAILING PARTY, AS DETERMINED BY THE COURT, SHALL, IN ADDITION TO SUCH OTHER RELIEF AS MAY BE AWARDED, BE ENTITLED TO RECOVER REASONABLE ATTORNEY'S FEES, COSTS AND EXPENSES OF SUCH LITIGATION.**

**5.  PRORATIONS:  You** are instructed to make all prorations and adjustments on the basis of a thirty (30) day month.

**6.  CLOSE OF ESCROW:  Close** of escrow is the day instruments are recorded.  You are authorized to record any instruments delivered through this escrow, if necessary or proper, for the issuance of title insurance as called for.

**7.  DEPOSIT OF FUNDS:  Escrow** holder is instructed to deposit all funds received by escrow holder with any state or national bank in a trust account in the name of the escrow holder, without any liability for payment of interest.  All deposits made by personal check, cashier's check, certified check, or deposit other than a wire transfer are subject to clearance and payment by the financial institution upon which they are drawn. Funds deposited with escrow holder in the form of check or similar instrument will be identified as collected funds upon confirmation from the escrow holder's financial institution that the funds are available for disbursement.  Due to the increase of wire fraud, and prior to sending any wire transfer, you must contact escrow holder to confirm the appropriate wire instructions.

**8.  GOOD FUNDS LAW:  Pursuant** to California Insurance Code Section 12413.1, (AB 512) known as the Good Funds Law, the parties hereto are made aware that closing funds deposited by the parties and/or lender must be cleared funds prior to the close of escrow. The parties hereby release escrow holder of any responsibility, claim and/or liability in connection with such a delay caused by the manner in which closing funds or lender's funds are deposited.

**9.  UNJUST ENRICHMENT:  In** the event any party to this escrow transaction received funds or is credited funds to which they are not entitled, said party agrees, upon written demand, to return said funds immediately to escrow for correct disbursement.

**10.  SUB-ESCROW AGENT:  You** are authorized to use the title company as a sub-escrow agent for the handling of funds and documents in this escrow transaction. All parties herein agree to pay the fee for sub-escrow services as charged by the title company.

**11.  COPIES OF DOCUMENTS:  You** are authorized to furnish copies of all escrow instructions, amendments, preliminary title reports, notices of cancellation, and closing statements to real estate brokers, salespersons, lenders, lenders agent, and/or attorney(s) for the parties involved in this transaction upon the oral or written request of said parties.

**12.  ACCEPTABILITY OF COUNTERPARTS:   These** instructions may be executed in counter parts and each shall be deemed an original regardless of the date of its execution or delivery. All such counter parts shall constitute one and the same document.

**13.  NO DUTY TO DISCLOSE OR INSPECT:  Escrow** holder's sole duty relative to disclosures shall be the payment of invoices presented to escrow holder. You shall not be concerned with the giving of any disclosures except as expressly required by the Federal or State law to be given by an escrow agent. Neither are you to be concerned with the effect of zoning ordinances, land division regulations or building

(CONTINUED)

Seller's Initials:  _____/_____                                              Buyer's Initials:  _____/_____

Date:  May 14, 2026                                                                                      Escrow No.:  006370-JR

Page 4 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

restriction which may pertain to or affect the land or improvements that are the subject of this escrow.  The parties of this escrow have satisfied themselves outside of escrow, that the transaction covered by this escrow is not in violation of the Subdivision Map Act or any other law regulating land division. Escrow holder will NOT perform any physical inspection of the real property and/or personal property that is the subject of this escrow transaction, and escrow holder is not concerned nor liable for the condition of same.

14. **CONFLICTING INSTRUCTIONS:**  In the event conflicting demands or notices are made or served upon you or any controversy arises between the parties hereto or with any third person(s) you shall have the absolute right to withhold and stop all further proceedings without liability in determining the merits of the demands, until escrow holder receives mutual written agreement between the parties OR a final order or judgment of a court of competent jurisdiction.

15. **AUTHORIZATION TO INTERPLEADE FUNDS:**  The parties acknowledge that escrow holder has an absolute legal right to file a court action in interpleader.  In the event, such an action is filed, the parties herein jointly and severally agree to pay all escrow fees, title fees, court costs, and litigation expenses, including attorney's fees incurred in connection therewith, the amount thereof to be fixed and judgment to be reached by the court. Upon filing of such action, escrow holder is fully released and discharged from any further performance of duties under the terms of this escrow.

16. **TIME IS OF THE ESSENCE AND CLOSING DATE:**  In the event the conditions of escrow have not been complied with at the expiration of the time provided herein (close of escrow) or any extension thereof, you are instructed to complete this escrow at the earliest possible date thereafter unless written demand is received by escrow holder for the return of money and or instruments deposited by either party.

17. **STATUTE OF LIMITATIONS:**  These instructions are to be construed and interpreted according to California Law.  NO ACTION SHALL LIE AGAINST ESCROW HOLDER FOR ANY CLAIM, LOSS, LIABILITY OR ALLEGED CAUSE OF ACTION OF ANY KIND OR NATURE WHATSOEVER, HOWEVER CAUSED OR OCCURRED, IN THIS ESCROW TRANSACTION OR IN CONNECTION WITH THE HANDLING OR PROCESSING OF THIS ESCROW TRANSACTION, UNLESS BROUGHT WITHIN TWELVE (12) MONTHS AFTER THE CLOSE OF ESCROW OR ANY CANCELLATION OR TERMINATION OF ESCROW FOR ANY REASON WHATSOEVER.

18. **DESTRUCTION OF DOCUMENTS:**  Escrow holder is authorized to destroy or otherwise dispose of any and all documents, papers, escrow instructions, correspondence, records or other material pertaining to this escrow, at any time after five (5) years from the date of close of escrow, cancellation of this transaction, or the date of the last activity (whichever comes first), without liability and without further notice to the parties.

19. **AUTHORIZATION TO ACCEPT ELECTRONIC SIGNATURES AND DOCUMENTS:**  In accordance with California's Uniform Electronic Transactions Act (the Act) the parties hereby authorize escrow holder to accept electronic and/or digital signatures and records, transmitted via facsimile or other electronic means (collectively "electronic signatures") into this escrow as originals. The parties expressly agree this transaction can be conducted electronically, at the option of the parties, to the fullest extent possible under the Act and recording laws. The parties agree to submit original, wet signatures on all documents to be recorded, all documents excluded from being enforceable under the Act, and all documents required to be in original format by any regulatory agency.  The parties agree to verify any and all electronic signatures upon request of escrow holder.

20. **ABANDONMENT OF ESCROW TRANSACTION:**  Your duties and functions related to this escrow transaction shall terminate six (6) months following the date last set for close of escrow unless your escrow file has closed or cancelled.  At such time, you shall have no further obligations as escrow holder except to disburse funds and documents pursuant to written instructions and to interplead or otherwise dispose of funds and documents in accordance with a valid court order.

21. **FEDERAL TAX WITHHOLDING:** The sale of a U.S. real property interest by a foreign person is subject to the Foreign Investment in Real Property Tax Act of 1980 "FIRPTA" income tax withholding.  This law authorizes the United States to tax foreign persons on the sale of U.S. real property interests. Persons purchasing U.S. real property interest from foreign persons, certain purchasers' agents and settlement officer are required to withhold ten percent (10%) of the amount realized.  The purchaser is liable if the withholding is not made when required. The principals agree to execute and deliver to escrow holder any instrument, affidavit and statement or to perform any act reasonably necessary to carry out the provisions of FIRPTA and regulations promulgated thereunder.

22. **FEDERAL TAX REPORTING (1099):**  The parties acknowledge their awareness of the fact that, upon transfer of property, escrow holder must provide information pertaining to the escrow transaction to the Internal Revenue Service as required by Internal Revenue Code Section 6045(e) relative to the production of 1099 forms. The parties agree to provide escrow holder all information necessary to produce the tax reporting documentation in compliance with Federal Law.

23. **PRELIMINARY CHANGE OF OWNERSHIP REPORT:**  California Revenue and Taxation Code Section 480.3 requires that a Preliminary Change of Ownership Report be completed and certified by the transferee and filed concurrently with the recording of any documents that reflect a change in ownership of real property. The parties herein agree to complete and sign said report and deliver same to escrow holder for filing, as necessary. The parties understand and acknowledge that the recorder's office may charge a non-refundable fee of twenty dollars ($20.00) should the fully completed /certified report not accompany the conveyance document. If the recorder's office charges such a fee, the party benefited by the recording of the transfer document shall be charged the fee at close of escrow. In such event, a Standard Change of Ownership Statement will be mailed to the buyer by the office of the county assessor. Further, if buyer fails to file said form upon the request of the county assessor after the close of escrow, severe penalties may be assessed to the buyer.

(CONTINUED)

Seller's Initials:  _____/_____                                             Buyer's Initials:  _____/_____

Date:  May 14, 2026                                                                    Escrow No.:  006370-JR

Page 5 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

**24.  NOTIFICATION OF DISHONORED CHECKS:  If any check submitted to escrow holder is dishonored upon presentation for payment, escrow holder is authorized to notify all parties and/or their respective agents of such nonpayment. The party receiving credit for the deposit agrees to pay a reasonable fee to escrow holder for the returned check.**

**25.  DISBURSEMENT OF FUNDS:  All disbursements are to be made by the escrow holder's trust account check unless instructed otherwise in writing. Escrow holder will not indemnify any payee or guarantee signatures of any person or entity at any financial institution. Any funds disbursed during or at the close of escrow will be issued jointly to the parties designated as payee unless escrow holder is instructed otherwise in writing by all designated payees. The funds representing loan and/or sale proceeds will be disbursed jointly to all persons who were the record owners of the subject property.**

**26.  TITLE INSURANCE:  Escrow holder shall order title insurance from the title company designated by the parties herein. If requested in writing by mutual instructions of the parties or upon the request of any lender, escrow holder shall provide copies of the preliminary title report to them without liability as to its contents.  The parties acknowledge that the title insurance policy(ies) to be issued by the title company, shall be delivered directly from the designated title company to the appropriate parties after the close of escrow.  ALL matters regarding the title insurance are between the title company and the insured party, NOT ESCROW HOLDER.**

**27.  CANCELLATION FEES: In the event of cancellation, the parties agree to pay escrow holder for any costs or expenses that escrow holder may have incurred and a reasonable escrow fee for the services performed to date.**

**28.  MUTUAL CANCELLATION INSTRUCTION REQUIREMENTS:  The state laws governing escrow agent's duties, require that we receive mutually agreed upon cancellation instructions OR a Court Order specifically directing us as to the disposition of any documents and monies held under our escrow file.  Buyer and seller acknowledge escrow holder may require mutually signed instructions prepared on escrow holder's usual cancellation form with regards to the disposition of funds.**

**29.  UNCASHED CHECKS:  In the event any check(s) issued through this escrow transaction or sub-escrow related hereto are uncashed or unnegotiated, escrow holder will make every effort to contact the payee and coordinate negotiation of the check(s). All parties acknowledge that escrow holder incurs significant expense in tracking uncashed checks, cancelling and reissuing checks, and maintaining bank and accounting records of such checks. Therefore, if re-issuance of the check is necessitated, escrow holder will require an instruction authorizing such re-issuance and is authorized to charge an additional service fee of twenty-five dollars ($25.00) which will be deducted from the payee's reissued check(s). In the event escrow holder is unable to communicate with the payee for a period of three (3) years, escrow holder is authorized and instructed to process the remaining funds for escheatment to The State of California, and in accordance with the escrow holder's customary escheatment procedures.**

**30.  RIGHT TO RESIGN: At any time prior to the close of escrow, escrow holder at its sole and absolute discretion and without liability to the parties to the escrow transaction, may withdraw and resign from acting as escrow holder by providing ten (10) days prior, written notice to the parties at their last known address. In such event, escrow holder shall be entitled to reasonable compensation for its escrow services performed and for all costs and expenses incurred in the resignation, including, but not limited to, attorney's fees. Upon resignation, escrow holder shall return to the respective parties, the balance of any funds it holds along with any documents in in its possession.  Alternatively, at the mutual instruction of the parties, escrow holder shall deliver funds and documents to a new escrow holder.**

ESCROW COMPANIES ARE NOT AUTHORIZED TO GIVE LEGAL ADVICE.  IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY BEFORE SIGNING.

BUYER AND SELLER ACKNOWLEDGE AND UNDERSTAND THAT ESCROW HOLDER IS NOT AUTHORIZED TO PRACTICE LAW NOR GIVE FINANCIAL/TAX OR LEGAL ADVICE.  NO REPRESENTATIONS ARE MADE BY LUXURY ESCROW, INC., ITS OFFICERS AND/OR EMPLOYEES AS TO THE LEGAL SUFFICIENCY, LEGAL CONSEQUENCES OR FINANCIAL/TAX EFFECTS OF THIS ESCROW.

EACH PARTY SIGNING THESE INSTRUCTIONS HAS READ THE ADDITIONAL ESCROW CONDITIONS AND INSTRUCTIONS CONTAINED HEREIN AND APPROVES, ACCEPTS AND AGREES TO BE BOUND THEREBY. ALL PARTIES SIGNING THIS AGREEMENT HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THESE INSTRUCTIONS.

I/We agree to pay FUNDS REQUIRED TO CLOSE ESCROW UPON DEMAND.

SELLER(S) ONLY: The foregoing terms, provisions, conditions, and instructions, and those "General Provisions" contained herein are hereby approved and accepted in their entirety and concurred in by me.  I will hand you necessary documents called for on my part to cause title to be shown as above which you are authorized to deliver when you hold for my account the sum of $204,000.00 within the time as above provided, pay your escrow charges, my recording fees, charges for evidence of title as called for, whether or not this escrow is consummated, except those the buyer agrees to pay.  You are hereby authorized to pay bonds, assessments, taxes, and any liens of record to show title as called for, affix documentary tax on deed as required.

**SELLERS:**                                              **BUYERS:**

The Agnes Smith Revocable Living Trust

_____
Carly Renee Toyne

By:  _____
       Nancy Lee Mestas, Successor Trustee

Date:  May 14, 2026 Escrow No.:  006370-JR

Page 6 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

# EXHIBIT C

SUPPLEMENT TO DEBTORS' MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(P)

*Luxury Escrow, Inc.*

9121 Haven Avenue, Suite 120
Rancho Cucamonga, CA 91730

Phone:  (909) 939-4410
Fax:  (909) 481-4385

## SELLER'S ESTIMATED SETTLEMENT STATEMENT

| | | |
|---|---|---|
| **PROPERTY:** | 1104 Ribbonwood Court<br>Hemet, CA 92545 | **DATE:**  May 29, 2026 |
| **SELLER:** | The Agnes Smith Revocable Living Trust | **CLOSING DATE:**  June 12, 2026<br>**ESCROW NO.:**  006370-JR |

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 204,000.00 |
| | | |
| **COMMISSION CHARGES** | | |
| Smart Sell Real Estate | 12,240.00 | |
| Smart Sell Real Estate | 4,080.00 | |
| | | |
| **H.O.A./MANAGEMENT** | | |
| Transfer Fee to HOA | 550.00 | |
| Document Fee(s) to HOA | 650.00 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| Property ID for Natural Hazard Report | 99.00 | |
| Art Valverde Transaction Coordinator Fee | 1,500.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - Lawyers Title Company** | | |
| Title - Owner's Title Insurance | 1,098.00 | |
| Title - Messenger Fee | 50.00 | |
| Title - Sub Escrow Fee | 62.50 | |
| Title - Wire Fee | 25.00 | |
| Miscellaneous Recording Fees | 100.00 | |
| Transfer Tax - County to Riverside County | 224.40 | |
| Delinquent Taxes 2025-2026 | 2,350.16 | |
| Defaulted Taxes 2023-2024 to Riverside County Tax Collector | 5,612.13 | |
| Supplemental Taxes 2024-2025 | 22.40 | |
| Supplemental Taxes 20252026 | 53.36 | |
| | | |
| **ESCROW CHARGES - Luxury Escrow, Inc.** | | |
| Title - Escrow Fee | 1,216.00 | |
| Title - Doc Prep Fee | 200.00 | |
| Title - Demand Processing Fee | 175.00 | |
| Title - Messenger Fee | 75.00 | |
| Title - Audit Fee | 50.00 | |
| Title - Wire Fee | 75.00 | |
| Title -Signing/Notary Fee Seller | 175.00 | |
| | | |
| **Net Proceeds** | 173,317.05 | |
| | | |
| **TOTAL** | $  204,000.00 | $  204,000.00 |

Date:  May 29, 2026                                          Escrow No.:  006370-JR

Page 2 of 2:

**THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE**

The Agnes Smith Revocable Living Trust


By:  _____
       Nancy Lee Mestas, Successor Trustee